#### UNITED STATES DISTRICT COURT
#### NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL SASGEN,**<br><br>On Behalf of Himself and All Others Similarly Situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**NORDVPN S.A., AND TEFINCOM S.A. D/B/A NORDVPN**,<br><br>**Defendants.** | Case No.: 1:25-cv-06822<br><br>**JOINT INITIAL STATUS REPORT** |

Plaintiff Michael Sasgen and Defendants Nordvpn S.A. and Tefincom S.A. (collectively, the "Parties") jointly submit this Joint Initial Status Report pursuant to the Court's Minute Entry dated June 27, 2025 (ECF No. 10).

**I.  Nature of the Case**

A. *Basis for federal jurisdiction*

Plaintiff's Statement: The Court has subject matter jurisdiction over Plaintiff's claims pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because the aggregate claims of the Class exceed the sum or value of $5,000,000, the Class has more than 100 members, and diversity of citizenship exists between at least one member of the Class and Defendants.

Defendants' Statement: Defendants Nordvpn S.A. and Tefincom S.A. (together, "Defendants" or "Nord") do not object to jurisdiction at this time.

B. *Nature of the Claims Asserted*

Plaintiff's Statement: Plaintiff asserts claims for violation of the Illinois Automatic Contract Renewal Act (815 ILCS 601/1 *et seq*.) ("ARL") and the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq*.) ("ICFA"), in addition to common law

claims for conversion, unjust enrichment, and money had and received.

<u>Defendants' Statement</u>:

Defendants deny Plaintiff's allegations that Plaintiff is entitled to relief under any asserted causes of action. Defendants anticipate that discovery will show that class certification is not appropriate for Plaintiff's claims because individual issues predominate, and Plaintiff is not a typical class representative even if the putative class otherwise meets the requirements for certification. In addition, discovery may show that Defendants are entitled to judgment on Plaintiff's claims.

    C.  *Relief Sought*

<u>Plaintiff's Statement</u>: Plaintiff seeks: damages on behalf of himself and the putative class Defendants automatically enrolled into and charged for at least one month of Nord Security membership during the applicable statute of limitations period; other actual damages that may be recoverable by law; punitive damages; prejudgment interest, as allowed by law; reasonable attorney's fees, costs and disbursements, including costs of investigation; injunctive relief; and other equitable relief as determined by the court, including without limitation restitution or disgorgement of profits.

<u>Defendants' Statement</u>: Defendants seek a judgment in Defendants' favor denying Plaintiff's requested relief and dismissing the Complaint with prejudice. Defendants dispute that this case is appropriate for class certification and deny that Plaintiff or any member of the putative class is entitled to any damages, statutory or otherwise, an injunction or other equitable relief, fees or costs, pre- or post-judgment interest, or other relief of any kind.

    D.  *Jury Demand*

Plaintiff has demanded trial by jury. *See* Class Action Compl., ECF No. 1.

    E.  *Status of Service*

All defendants have been served. No issues exist regarding personal jurisdiction or service of Plaintiff's complaint.

**II.    Discovery and Pending Motions**

    A.    *Pending Motions*

There are no pending motions before this Court.

    B.    *Proposal for Discovery and Case Management Plan*

        1.    Type of Discovery Needed:

Discovery in this case will include *inter alia* discovery specific to Plaintiff (e.g., billing data, communications), class discovery (e.g., class-wide revenue data), and discovery into Defendants' automatic renewal practices (e.g., web design documents, internal communications). The Parties agree that there will be substantial overlap in discovery between this case and the related cases *Zeichner v. Nord Security Inc. et al.* (3:24-cv-02462-JSC) in the Northern District of California, and *Peterson v. Nord Security Inc. et al.* (1:24-cv-03218) in the District of Colorado, each of which involves the same Defendants and same counsel. An agreement that documents produced in *Zeichner* may be used in *Peterson* and vice versa is already in place and the Parties agree to extend that agreement to this case. For the avoidance of doubt, this discovery sharing provision includes written responses to written discovery, including Interrogatories and Requests for Admission. There has been substantial ESI already exchanged in these cases and the Parties therefore agree, as in *Peterson*, that the ESI protocol that the Parties agreed to in *Zeichner* should apply in this case as well.

Given the substantial overlap between this case and *Zeichner* and *Peterson*, the Parties agree to a limit of 10 fact depositions total per side across all three cases. The depositions can be used in all three cases irrespective of in which case they were noticed. If future actions are filed, the parties agree to discuss in good faith whether the depositions can be used in future actions. The Parties agree to the default limit of 25 interrogatories, and that interrogatories propounded in

2

this case must seek information that has not already been sought and provided in *Zeichner* or *Peterson*.

The Parties agree to the default limit of 7 hours per deposition. The Parties will discuss in good faith whether an extension of up to 10.5 hours is necessary for witnesses that require an interpreter. The Parties further agree to notify the other side within 5 business days of a deposition notice being served whether an interpreter is required and the language spoken by the deponent. The deposing party shall be responsible for arranging the appearance of the interpreter.

    a. Plaintiff's Additional Position

Plaintiff does not agree that discovery should be limited in the ways suggested below by Defendants, because, *inter alia*, discovery in *Zeichner* remains in its early stages, including that to date Defendants have produced fewer than 500 documents in *Zeichner* and a handful in *Peterson*, a significant portion of which contain data produced to aid the Parties' mediation sessions discussed below in § III. Due to this fact, Plaintiff does not believe the imposition of numerical limitations not found in the Federal Rules of Civil Procedures is appropriate at this time. Plaintiff also anticipates using requests for admission to establish authenticity and admissibility of documents, requiring a substantial number of requests for admission. Additionally, given the Parties' discovery-sharing agreement across *Peterson* above, it is not appropriate to limit requests for admission or production to "information specific to this case."

    b. Defendants' Additional Position

Defendants believe that no witness, including Rule 30(b)(6) witnesses, should be required to sit for more than one deposition. Defendants propose that Plaintiff be limited to 15 requests for production and 15 requests for admission, all of which must seek information specific to this case and that has not already been sought in *Zeichner* or *Peterson*. This case,

*Peterson,* and *Zeichner* are at the earliest stages. Upon request at an appropriate time, Defendants would be willing to consider proposed stipulations to the authenticity of specified documents and the applicability of specified documents to Illinois consumers.

    2. <u>Need for Proposed Protective Orders</u>:

As they did in *Peterson* in the District of Colorado, the Parties agree that the stipulated protective order agreed to in *Zeichner* in the Northern District of California should apply in this case.

    3. <u>Rule 26(a)(1) Disclosures Deadline</u>: **September 26, 2025.**

    4. <u>Fact Discovery Deadline</u>: **June 30, 2026.**

    5. <u>Whether Expert Discovery Anticipated</u>: **Yes.**

**III.   Settlement and Referrals**

    A.   *Status of Settlement Discussions*

The Parties attempted to mediate this and four other cases[1] challenging Nord's subscription practices in two full day mediation sessions with JAMS mediator Marc E. Isserles on July 15 and September 2, 2025. The mediation was unsuccessful, and the Parties have agreed to return to litigation.

    B.   *No Settlement Conference Requested at this Time*

Considering the recent private mediation described above, the Parties do not request a settlement conference before the Court or the Magistrate Judge at this time.

---

[1] Those cases are: *Zeichner v. Nordvpn S.A., et al.*, 24-cv-2462-JSC (N.D. Cal); *Peterson v. Nordvpn S.A., et al.*, 1:24-cv-03218 (D. Colo.); *Kandeh v. Nordvpn S.A., et al.*, No. 1:25-cv-02571 (S.D.N.Y.); and *Hanscom v. Nordvpn S.A.*, 24-CV-057887-590 (Mecklenburg Cnty. Super. Ct.).

C. *Declination of Magistrate Jurisdiction*

The Parties have informed their respective clients about the possibility of proceeding before a Magistrate Judge for all purposes. The Parties do not unanimously consent to the Magistrate Judge's jurisdiction.

Dated: September 17, 2025

**WITTELS MCINTURFF PALIKOVIC**
/s/ J. Burkett McInturff
J. Burkett McInturff*
305 BROADWAY, 7TH FLOOR
NEW YORK, NEW YORK 10007
Tel:    (914) 775-8862
jbm@wittelslaw.com

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
Gary M. Klinger
227 W. MONROE ST., STE. 2100
CHICAGO, ILLINOIS 60606
Tel:    866-252-0878
gklinger@milberg.com

**BRYSON HARRIS SUCIU & DEMAY PLLC**
Scott C. Harris**
900 West Morgan Street
Raleigh, NC 27603
Telephone: 919.600.5003
sharris@brysonpllc.com

\* *Appearing Pro Hac Vice*
\*\* *Pro Hac Application Forthcoming*

*Co-Counsel for Plaintiff and the Proposed Class*

*(Additional Counsel Next Page)*

5

Dated:   September 17, 2025	**FENWICK & WEST LLP**

　　　　　　　　　　　　　　　　　　　　　　*/s/ Jedediah Wakefield*
Jedediah Wakefield*, CSB No. 178058
Email:	jwakefield@fenwick.com
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:   415.875.2300

Adam Gahtan*, NY Bar No. 2812501
Email:	agahtan@fenwick.com
902 Broadway, 18th Floor
New York, NY  10010-6035
Telephone:   212.430.2600

Janie Yoo-Scott*, CSB No. 312715
Email:	jyooscott@fenwick.com
733 10th Street NW, Suite 400
Washington, DC  20001
Telephone:   202.970.3000

Samuel Sahagian*, CSB No. 341587
Email:	ssahagian@fenwick.com
730 Arizona Avenue, 1st Floor
Santa Monica, CA 90401
Telephone:   310.554.5400

Attorneys for Defendants
NORDVPN S.A., and TEFINCOM S.A. d/b/a NORDVPN

*Pro Hac Application Forthcoming*